UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-82-H

GREGORY H. BROWN                                                                    PLAINTIFF

V.

MICHAEL S. ROBINSON, MICHAEL
W. BURNICK, PHEONIX INVESTMENT
MANAGEMENT, INC. a/k/a PHEONIX
FINANCIAL GROUP a/k/a EXCALIBUR
ADVISORS                                                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

After completion of an arbitration in their favor, Defendants have moved for attorney's fees and expenses against Plaintiff in an amount exceeding $450,000. Plaintiff has responded that the contractual provision upon which Defendants rely does not support the claim. Having reviewed the contractual language, the Court completely agrees with Plaintiff and will deny the motion.

Defendants based their claim for attorney's fees upon a section of their contract with Plaintiff, styled "Limitation of Liability," which states in full:

> Pheonix does not guarantee the future performance of the Account or any specific level performance, the success of any investment decision or strategy that Pheonix may use, or the success of the Pheonix's overall management of the Account. Client acknowledges that the services rendered under this Agreement are advisory in nature and Client expressly agrees Pheonix shall not be held liable relating to the performance of the services hereunder, as long as those services are rendered in good faith and in accordance with applicable federal and state securities laws and rules and

> regulations hereunder.  Neither Pheonix nor the custodian nor any of their respective officers, directors, employees, consultants or affiliates shall be liable for any loss incurred with respect to the Account except where any such loss results directly from such person's negligence or willful misconduct.  Client releases and holds Pheonix and Custodian and their respective officers, directors, employees, consultants and affiliates harmless against any losses, expenses (including reasonable attorney's fees and costs) and liabilities incurred as a result of investment of Account Assets at the direction of Client.  Client understands that nothing in this section is intended to be a waiver of any right of action against Client may have under applicable securities law or of Client's rights in the event Pheonix breaches any fiduciary duty owed to Client.

Everyone seems to agree that Florida law applies and that "under Florida law, a party must bear 'its own attorney's fees unless a statute or contract provides otherwise.'" *Inland Dredging Co. LLC v. Panama City Port Authority*, 406 F.Supp.2d 1277, 1280 (N.D. Fla. 2005) (quoting *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004).  A careful reading of this provision reveals that its language specifically protects Defendants from any attempt by Plaintiff to recover his investment losses, attorney's fees or expenses arising from his own investment decisions.  Thus, it is not a standard attorney's fees provision.

Here, Plaintiff sued for breach of contract.  Defendants denied the charges and ultimately prevailed.  The arbitrator essentially found that Plaintiff made his own investment decisions through Mr. Abrams, who was not an agent of Defendants.  Now they seek reimbursement for their attorney's fees incurred in the defense.  Neither the specific language of the "Limitation of Liability" provision nor its overall intent suggests that it provides a basis for Defendants' recovery of attorney's fees here.

The cited provision is basically a hold harmless agreement which protects Defendants from third party claims in certain circumstances.  As its title suggests, it limits Defendants'

liability. Its language does not make Plaintiff liable for Defendants' attorney's fees in a breach of contract case which Plaintiff brought. Much more direct and specific language would be required to impose an obligation to pay attorney's fees in a dispute between Defendants and their client, in this case, Plaintiff.

Finally, the specific contractual language protects Defendants from any liability or expenses "incurred as a result of investments of Account Assets at the direction of Client [Plaintiff]." Here, the attorney's fees arose not from a third party claim involving an investment, but rather from defending Plaintiff's own lawsuit which charged a breach of due care on Defendants' part. The plain language of the contract does not provide for reimbursement of these attorney's fees.

Defendants have correctly noted that they are entitled to a judgment for the fees and expenses which the arbitrator awarded. The Court has already entered such an order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for attorney's fees and expenses is DENIED.

This is a final order.

cc:     Counsel of Record

3